HENRY (GAGER v.). See Case No. 5,172.

# Case No. 6,383.
## HENRY v. HENRY.
[4 Biss. 354.] [1]

Circuit Court, N. D. Illinois. June, 1869.

CONDITIONAL DELIVERY OF DEED—SUBSTITUTED GRANTEE.

1. If a conveyance is delivered on condition that a life lease of the same estate be executed and delivered to the grantor, the grantee cannot

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

recover in ejectment against the grantor, when the condition has not been fulfilled.

2. Subsequent negotiations, not consummated, do not affect the rights of the parties; and one party in accepting a proposition, which the other afterwards refused to carry out, does not waive his rights.

3. A person substituted for the originally intended grantee, but having knowledge of the condition, does not stand in any stronger or better position.

Ejectment for eleven hundred acres of land, situate in Livingston and Will counties, Illinois. Plaintiff [John Snowden Henry] claims under a warranty deed from defendant [James Henry]. Defendant being, in May, 1858, embarrassed, and having for the purpose of improving the property in controversy theretofore borrowed largely from his brother, Alexander, of Manchester, England, applied to him (Alex.) for a loan of twenty-five thousand dollars upon the property, in order to remove the incumbrances outstanding, agreeing, subsequently, to convey the land in consideration of the further advance, he to receive a life lease at an annual rental of two thousand dollars. The deed was executed to plaintiff, a son of Alexander, but the life lease was not.

Thomas Hoyne, for plaintiff, moved to exclude the testimony relating to the conditions on which the deed was executed.

Bailey & Magruder, for defendant.

DAVIS, Circuit Justice. The life lease was sent to England with the deed, but for some reason was not executed. The question is, Was the delivery of the deed intended to be absolute or on condition? If on the condition that a life lease should be returned, manifestly the defendant is not wrongfully withholding possession, as it is conceded this has not been done; nor can he be ousted of his possession until this lease has been tendered and its covenants broken. The intention of the parties to the transaction is a question of fact for the jury. If the lease and deed were intended to be simultaneous acts, the plaintiff cannot recover. On the contrary, if the giving of the lease was a subsequent agreement, and not a part of the original transaction, or if the execution of the lease was waived, the case is different. There is no question about the legal title, but only a question of possession. That there can be a right of property separate from the right of possession, is too plain for dispute. The motion is denied, and the plaintiff is at liberty to go to the jury on the question of fact whether the delivery of the deed was dependent on the execution of the lease.

The parties went to the jury on this issue, and DAVIS, Circuit Justice, charged as follows:

Gentlemen: If the jury believe, from the evidence, that James Henry proposed to Alexander Henry if he would loan him twenty-five thousand dollars to remove the incumbrances on his real estate in Livingston county that he would convey to him by absolute deed the legal right to the property on condition that Alexander Henry should execute to him, James, a lease for life at the yearly rent of two thousand dollars, and that Alexander Henry accepted the proposition, and if the jury further believe from the evidence that in transmitting the deeds and lease to Mr. Ewing, the agent, James Henry acted on the belief that Alexander Henry, on the receipt of the deed would execute the lease, and that the deed was transmitted on that conditional; and if the jury further believe that after the deed was received, Alexander Henry refused to execute the lease, and that James Henry has not waived his right to the lease, then the defendant has not wrongfully withheld the possession of the property from the plaintiff.

There were various subsequent propositions made, and some of them partially accepted, but the minds of the parties do not seem to have united distinctly on any, and therefore it may not be material to consider them. Of course the defendant in accepting propositions made subsequently by his brother, which the latter refused to carry out, did not waive his right to insist upon the lease, if that was a condition on which the deed was transmitted.

Under the conceded facts of the case, it would seem that the plaintiff, to whom the deed was made, instead of the brother, cannot be in any stronger or better position than if the deed had been made, as originally intended, to Alexander.

Verdict for defendant, and new trial taken under statute.

Consult U. S. v. Hammond [Case No. 15,292]; U. S. v. Dair [Id. 14,913], and cases there cited.